Good morning ladies and gentlemen. The first case this morning is Cresenciano Martinez-Garduno v. Loretta Lynch v. Mr. Budzinski. Good morning your honors and may it please the court. My name is Alexander Edward Budzinski and I'm here today on behalf of the petitioner Cresenciano Martinez-Garduno. The immigration judge and the board of immigration appeals abused their discretion and they denied Cresenciano's motion to continue for lack of good cause. Good cause is a threshold burden that every motion to continue must meet and if it is met then the motion is within the immigration judge's discretion to opt to do defiant scope on a case-by-case basis depending on the circumstances. Cresenciano asked for a continuance in this case so he could temporarily remain in the United States with his wife or excuse me his long-term partner as she underwent and recovered from one or more surgeries. And here's the problem I have you know he said that was the reason and he said she might have to have more surgeries but as I understand the record he didn't provide anything in terms of from doctors saying what the further surgery might be none of the supporting documentation to support that statement. Yes I understand that your honor what I believe occurred is council made an offer to prove this the immigration judge decided that it was unnecessary assumed the veracity of the claims and then went ahead and denied the motion under the assumption that counsel's assertions were true and I think that this court should be doing the same thing. The problem is that so you're saying that the that the court accepted that it was a legitimate reason to stay and that he was entitled to stay further even after the court had given him a year? No what I'm saying is I believe the court accepted as true the fact that the wife had one or more surgeries to undergo and then under that assumption went ahead and denied the motion concluding that that was a lack of that was not good cause. So when he made the motion when counsel made the motion he did not attach the documentation? That's correct it was an oral motion. You said wife that was not his wife was it? I'm sorry what was that? You did did you say his wife? No it is not his wife it is a partnership it is a long-term relationship. They weren't married? That's correct and I think that this medical hardship should be good cause and a conclusion to the contrary would conflict with the ordinary meaning of the phrase good cause in exceptional circumstances. How long was she in for the gallbladder surgery? From the record I'm not aware your honor. Yeah cause there were no specifics with respect to any of this. That's correct. And he also had an alternative right because the board specifically told him his remedy was to request an administrative stay of removal. He could have done that your honor he could have went to the other agency and asked for a stay of removal but he also could have asked for a continuance and that's what he tried to do Additionally I think as a matter of practice it would have been very difficult for him to get a stay of removal given that he's currently a priority for removal under the guidelines issued by the Department of Homeland Security. Now if this medical hardship is not good cause I think it would conflict with the term under the regulations in the act. It would also create I think an inappropriate incentive to fail to appear and later try to reopen proceedings. And both of these are possible because the Immigration and Nationality Act provides for reopening and rescission of an inabsential order following one's failure to appear upon demonstration of exceptional circumstances. Exceptional circumstances is described as or defined as circumstances beyond the non-citizen's control and includes serious illness of a spouse, parent, or child. And I think the situation presented by it does not specifically enumerate that but it is a non-exhaustive list and I think for many people there's little difference between a marital relationship and a serious long-term relationship and what differences there might be between the two I don't think that's enough to take it outside the scope of exceptional circumstances. Well what you're mainly describing is methods of delay pretty much and that's what unfortunately is a lot of what goes on in these things there's lots of procedures and you just delay delay. That's correct your honor but I don't think it was delay for delay's sake. It was delay to address some humanitarian and personal concerns in his life specifically making sure his his long-term partner was adequately cared for. Okay. And I think the situation he described before the immigration judge the serious medical conditions that required surgery fits within this higher standard the exceptional circumstances standard and of course I think the medical conditions are beyond his control and the act does not provide an exhaustive list so I think it's also still within the the definition of exceptional circumstances even though it does not specifically enumerate partner but does specifically enumerate spouse. See and I guess the problem I have I understand the administrative law judge said well it still wouldn't be enough the girlfriend having surgery but for example if it was complicated surgery or there was no one to care for her or sort of extenuating circumstances you might be closer to the mark in terms of this but just the mere fact of having surgery is I mean that's a challenge for you. Well even if it's not quite exceptional circumstances I think it's close at least and if it's close I think it's going to meet the good cause standard which as a matter of plain meaning or ordinary interpretation. So this was gallbladder surgery right? I believe so. Yeah pretty routine I mean this wasn't like you know some serious cancer surgery or brain surgery or something like that with with potential for lots of complications. That is true your honor and even if it's not enough to meet the exceptional circumstances standard I still think it's close to it and enough to meet the good cause standard which is really the standard he needs to meet in this case. Now if Presenciano does meet the exceptional circumstances standard but not the good cause standard is it the incentive for him and others is to fail to appear knowing their motion to continue will be denied and the remedy thereafter for them is to try and reopen and even if it's questionable whether they're going to reach the exceptional circumstances standard and qualify for that motion the incentive is still going to be there for many people in removal proceedings. At the end of the day many of them have to leave the country whether that's under a removal order or an order of voluntary departure. There is some benefit to a voluntary departure order but it's not much of one if you have no means of getting back into the United States. And for these reasons I think Presenciano met the good cause standard and the IJ and the BIA would abuse their discretion. Now we also have the harmless error principle. I think this is a tough obstacle for Presenciano to overcome but I think he does when we consider the objectives of his representation which were remaining in the United States just long enough to care for his spouse. Because the IJ abused his discretion and the harmless error principle is not going to prohibit us from proceeding here. We ask the court to remand this case for further proceedings if there are no further questions. Thank you counsel. Mr. Minnick. Good morning may it please the court William Minnick representing the respondent. The immigration judge's denial of the second continuance was not arbitrary or a departure from established policies and thus it was not an abuse of discretion. Petitioner conceded through counsel that he was ineligible for relief from removal. Another continuance would not have had any effect on the final outcome of the proceedings and a continuance was not warranted simply to forestall the conclusion of removal proceedings. But the immigration judge did accept the fact that she was going to have gallbladder surgery and took that into account. The immigration judge did hear counsel's proffer but the board specifically in denying the appeal specifically faulted petitioner for not having provided evidence of his claims. The board specifically denied the appeal on that basis on the basis. Right I saw that in their in their decision but the the immigration judge you know accepted that explanation but went on to say even if that were true he didn't think it was enough essentially. That's correct your honor the immigration judge the reason the immigration judge articulated the record at 68 was that the petitioner wasn't eligible for any relief from removal. He said the court declines to continue the matter in that there is nothing available before the court for respondent record at 68. That was the basis on which the immigration judge denied the continuance and then of course the board supplemented that reason and added the fact that petitioner submitted no evidence of his claims. Of course as the party seeking the continuance he bore the burden the burden of establishing good cause and he submitted no evidence. Both the board's decision in matter of Hashmi and matter of Sanchez Sosa both of which are cited in the board's decision in this case require the submission of evidence in support of a continuance request. But do you think the immigration judge kind of led him down the primrose path by saying I accept this when he wanted to proffer additional evidence so his counsel said well you know wasn't necessary. I'm sorry I mean your honor if I understand your question correctly I don't think. Yeah he comes in he says I want this continuance I've got paperwork I've got you know I want to and for purposes of the proffer he had a proffer I assume he had documentation or something when he came before the immigration judge and the immigration judge as I understand it said it's not necessary that you you know file anything but you you you tell me what the record is. Well I don't. I'm misreading it. I don't. Or I misunderstood. I don't think you're misreading the record your honor but I don't think there's anything in the transcript to indicate that petitioner came to court that day with the documentation and the immigration judge stopped him. I'm looking at the record at 82 to 84. I just don't see anything in the transcript which would support an assumption that he did have those the the requisite documentation and the immigration judge somehow stopped him. I agree that the immigration judge didn't affirmatively ask him for documents but there's nothing in the transcript that I see that to suggest that he had the documents there and was ready to submit them. So what did the immigration judge say exactly when he said I want to make this proffer for the continuance? Well he requested the continuance at the bottom of page 82. There's there's no there's no discussion your honor of of do you have documentation or do you want to make a proffer about the the nature of the surgeries. The next on page 85 of the record counsel makes a proffer an oral proffer but that's in relation to eligibility for voluntary departure with respect to his continuance request. There's just nothing to indicate that that he had the documentation. Where is he now? Where is he now? I don't know your honor. Well is he here or gone or? He I don't I don't know if he left on his own or or if he's still in the United States. I don't know your honor. This court did deny the petitioner's motion for a stay of removal but I don't know if he's been removed or if he's voluntary departed. Was he detained somewhere at some point? If you don't know that's all right. There's a the very last page of the record is a notice of custody determination indicating that he was released. That's back when the notice of appear was initially issued in September 2011. I don't believe he's been detained since then your honor. That was record at 97. So he's either left voluntarily or he's still here then? That's my understanding your honor. I I don't I don't know the answer to your question. I'm sorry your honor. Well it's just the reason I ask is because you go through all this stuff about wanting to delay and he's got a pretty good delay it looks like. He's gotten a lot of time your honor. The the the notice of appear the notice to appear the charging document and the removal proceedings was issued in September 2011. It was about 18 months before he even appeared before the immigration judge in April of 2013. The immigration judge gave him a year simply to assess his eligibility for relief from April 2013 to April 2014 and then he's had another year and a half since since the immigration judge's decision. Regarding petitioner's exceptional circumstances argument he argues that he would satisfy the exceptional circumstances standard in the in absentia removal statute. But petitioner failed to exhaust that claim by raising it on appeal at the board so this court should simply decide that it lacks jurisdiction to consider that. In any event his whole argument is premised on the assumption that he would somehow satisfy the exceptional circumstances standard in subsection e1 of the statute and to the extent that again the record contains no evidence whatsoever of the claims on of his girlfriend's issues on which his continuous was based to the extent that he submitted no evidence there's nothing in this record to suggest that he would satisfy that burden and he can't make that showing. The denial of the additional continuous in this case was harmless because the another continuous would not have had any effect on the final outcome proceedings and we asked the court to deny the petition. Thank you counsel. Any time left? Yeah one minute. Where is he now? He's in the United States your honor. ICE has not acted to remove him. You what? Immigration and Customs Enforcement has not acted to remove him from the United States. As to the failure to exhaust claim that respondent raises I don't think this is correct. The good cause issue was raised before the Board of Immigration Appeals and before the IJ and the additional argument relating to exceptional circumstances is just additional authority for why this was good cause and I think under Aguilar Mejia the holder 616 F3D 699 it explains that you don't need to raise every single authority in support of a continuous. And the respondents also mentioned the length of time he's been here the fact that he conceded removability and could have sought a stay. Those are all true but I don't think they really go to good cause. The immigration judge could have denied the motion for these reasons as a matter of discretion but good cause relates more to the rationale or the reasons for the continuance. Had the immigration judge said I'm out of time your honor. Well let me when was the gallbladder surgery? The record's not entirely clear whether it happened just before that hearing or was to occur just after but I believe it was it was either to occur shortly before the gallbladder. What was the date of the hearing? Off the top of my head I cannot remember your honor. How many years ago? Maybe a year and a half ago two years. But that and that's still the excuser for him uh getting a continuance? Yes your honor his his spouse or rather his partner is still very sick. Still what? She's she's still sick she's I'm not sure if it's still the gallbladder issue but she still suffers from uh various All right thank you counsel. Thank you. Case to be taken under advisement